

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

VTN
F. #2017R02137

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 25, 2018

By Hand Delivery and ECF

Samuel Jacobson
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

      Re:    United States v. Edward Damasceno
              Criminal Docket No. 18-133 (AMD)

Dear Mr. Jacobson:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.      The Government's Discovery

    A.    Statements of the Defendant

      Enclosed are copies of the defendant's written statements, Bates-numbered as pages DAM000043-56.

    B.    The Defendant's Criminal History

      The defendant's criminal history is enclosed and Bates-numbered as pages DAM000001-42.

    C.    Documents and Tangible Objects

      Enclosed please find:

- a redacted incident report, Bates-numbered DAM000057-58;

- images from defendant's Facebook page, Bates-numbered DAM000059-61;

- images of two Arrow keys, Bates-numbered DAM000062-63; and

- a DVD containing surveillance video captured on September 5, 2017 and September 27, 2017.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

  D. Reports of Examinations and Tests

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

  E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

  F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

  G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests

or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

IV. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Virginia Nguyen
Virginia Nguyen
Assistant U.S. Attorney
(718) 254-6280

Enclosures

cc: Clerk of the Court (AMD) (by ECF) (without enclosures)