U.S. Department of Justice

United States Attorney
Eastern District of New York

F. #2017R02137

271 Cadman Plaza East
Brooklyn, New York 11201

November 27, 2018

By Email and ECF

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklym, NY 11201

   Re: United States v. Edward Damasceno
     Criminal Docket No. 18-133 (AMD)

Dear Judge Donnelly:

  The government respectfully submits this letter in regard to the sentencing of defendant Edward Damasceno, scheduled for November 30, 2018. For the reasons set forth below, the government respectfully asks the Court to impose a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of four to ten months' imprisonment.

  The government has no objections to the Presentence Investigation Report ("PSR"), dated November 1, 2018.

  As set forth in the PSR, on May 17, 2018, the defendant pleaded guilty to unlawful possession of a postal key, in violation of 18 U.S.C 1704. (PSR ¶ 1). The defendant was arrested after he was identified in video surveillance attempting to use two different United States postal keys to access mail from collection boxes on two different dates in September 2017. (PSR ¶¶ 6-7). The defendant was unsuccessful in each of his attempts due to the fact that the United States Postal Inspection Service had installed key catchers in the collection boxes targeted by the defendant, which caused the keys to become locked in place once they were inserted by the defendant. (PSR ¶¶ 5-7).

  The defendant was arrested in this case in February 2018. (PSR ¶ 13). He was arraigned on the above-captioned indictment in March 2018, and promptly accepted responsibility by pleading guilty before Your Honor three months after his arrest. (PSR ¶¶ 1-2 and 13). Unfortunately, while the defendant was on pretrial release during the relatively

short pendency of this case, the defendant demonstrated an inability to abide by the basic conditions of curfew and abstinence from substance abuse. (PSR ¶ 2).

As set forth in the PSR, the total offense level under the Guidelines for the defendant's conduct is four. (PSR ¶¶ 19-27). The defendant's criminal history results in a criminal history category of V (PSR ¶¶ 28-59), with a resulting applicable Guidelines range of four to ten months' imprisonment. (PSR ¶ 93).

The government concurs with the specific factors identified in the PSR that may warrant a departure from the Guidelines. First, a criminal history category of V underrepresents the defendant's extensive criminal history by omitting convictions that occurred beyond the time period set forth in U.S.S.G. § 4A1.2(e). (PSR ¶ 103). The defendant's first known criminal conviction is from 1989, when the defendant was 18 years old. He has had consistent contacts with the criminal justice system since that time through to the present. More than half of the twelve criminal convictions the defendant incurred in his thirties do not fall within the Guidelines' applicability provisions for calculating criminal history category. Accordingly, it seems that the defendant's criminal history category does not adequately reflect the defendant's likelihood of recidivism. See U.S.S.G. § 4A1.3(a)(4).

On the other hand, the defendant has undisputedly been affected by a history of substance abuse that started at a very young age. (PSR ¶¶ 74-75). As indicated in the PSR, this fact could serve as a mitigating factor to the Court in imposing a sentence. (PSR ¶ 104).

Given that there are competing aggravating and mitigating factors that are not directly accounted for within the applicable Guidelines sentence and that no single factor seems to outweigh the other, the government submits that a sentence within the Guidelines range would therefore be appropriate. Contrary to the defendant's assertion, the government submits that even a sentence at the high end of the Guidelines range is not unduly punitive. (See Defendant's Sentencing Memorandum at 2 (ECF No. 28)). The defendant's demonstrated record of recidivism and his conduct while released on bond during this case warrant punishment beyond a sentence of time served, as the defendant has recommended. The government submits that a sentence that falls within the Guidelines range would be sufficient, but not greater than necessary to achieve the goals of sentencing. See 18 U.S.C. § 3553(a).

For the foregoing reasons, the government respectfully asks the Court to impose a sentence within the Guidelines range of four to ten months.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Virginia Nguyen
     Virginia Nguyen
     Special Assistant U.S. Attorney
     (718) 254-6280

cc: Samuel Jacobson, Esq. (by Email and ECF)
    USPO Jeremy Neiss (via Email)